\*\*E-Filed 5/11/2011\*\*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| KAY KOUKAB ORANGI,<br><br>  Plaintiff,<br><br>  v.<br><br>JPMORGAN CHASE BANK, JPMORGAN CALIFORNIA CORPORATION and DOES 1 through 20,<br><br>  Defendants. | Case Number 5:11-cv-1229 JF (HRL)<br><br>**ORDER[1] DENYING MOTION TO DISMISS**<br><br>[re doc. no. 6] |

Plaintiff Kay Koukab Orangi brought this action against Defendant JPMorgan Chase Bank ("Chase") alleging conversion, negligence, and statutory violations based upon her alleged loss of "approximately $70,000" from a safety deposit box. Chase moves to dismiss claims for conversion and negligence. The Court has considered the moving and responding papers and finds that the motion is appropriate for disposition without oral argument. *See* Civ. L.R. 7-1(b). For the reasons discussed below, the motion will be denied.

**I. BACKGROUND**

In December 1993, Orangi opened a safe deposit box at American Savings Bank under an

---

[1] This disposition is not designated for publication in the official reports.

agreement with the bank that she was not required to pay any fees to maintain the box.[2] The bank subsequently was taken over by Chase, which began charging maintenance fees. Orangi claims that she did not receive any correspondence from Chase with respect to the new fees. After the fees went unpaid, Chase drilled out the box, inventoried the contents, and sent them to a vault in Texas. When Orangi learned that the contents of the box had been removed, she informed Chase that the box "should have contained personal items, foreign currency, and $70,000.00 in United States currency." Compl. ¶ 23. The inventory list provided by the bank did not include the cash that Orangi claimed had been in the box. When the contents of the box were retrieved from Texas, no cash was recovered.

## II.  LEGAL STANDARD

Dismissal under Fed. R. Civ. P. 12(b)(6) "is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).

## II. DISCUSSION

Under California law, "money cannot be the subject of an action for conversion unless a specific sum capable of identification is involved." *Haigler v. Donnelly*, 18 Cal. 2d 674, 681 (1941). Chase moves to dismiss Orangi's conversion claim, claiming that Orangi's allegation that "approximately $70,000.00" was taken from the box "fails to allege a specific sum capable of identification." Mot. at 3. However, while money subject to a conversion claim must be readily identifiable, California law is clear that "it is not necessary that each coin or bill be

---

[2] For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the court must construe the complaint in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). The relevant facts are drawn from Plaintiff's complaint.

2

earmarked." *Haigler*, 18 Cal. 2d at 681. One California court has summarized the state of the law as follows:

> Identifiable, specific coins and bills are subject to conversion if they are identifiable as the particular coins or bills taken from the plaintiff. The old idea that money could be converted only if it was in a 'bag' now seems obsolete. Today, it might be plausible to say that when the defendant commits an affirmative act and physically takes control of particular paper monies he is guilty of conversion, even if the particular bills and coins cannot be identified.

*PCO, Inc. v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro, LLP*, 150 Cal. App. 4th 384, 396 (Cal. App. 2007) (quoting 1 Dobbs, The Law of Torts, § 63 (2001)).

Here, the money that allegedly was converted was in a 'bag,' or at least in a box. Orangi alleges that a specific cache of money was placed in a safety deposit box in one of Chase's banks and subsequently was taken from that box without her permission. It is the allegation that "specific coins and bills" were taken that makes the sum readily identifiable, even if the amount cannot be articulated to the penny.

Moreover, as another district court recently concluded, "[c]onsidering the liberal pleading requirements in federal court, . . . at the pleading state it is only necessary for plaintiffs to allege an amount of money that is *'capable' of identification*." *Natomas Gardens Investment Group, LLC v. Sinadinos* 710 F. Supp. 2d 1008, 1019 (E.D. Cal. 2010) (emphasis added). While Orangi may have to establish the specific amount alleged taken in order to prove her case, she need not do so merely to state a claim.[3]

Chase moves to dismiss Orangi's negligence claim on the basis that economic losses are not recoverable on a claim for negligence. Chase relies on the proposition that "[p]laintiffs may recover in tort for physical injury to person and property, but not for purely economic losses that may be recovered in a contract action." *Spencer v. DHI Mortgage Co.*, 642 F. Supp. 2d 1153, 1161 (E.D. Cal. 2009). However, this doctrine, which is intended to prevent plaintiffs from using a negligence claim to avoid contractual limitations on liability, is inapplicable in this

---

[3] Chase also moves to strike Orangi's claim for punitive and exemplary damages stemming from the conversion. For the reasons discussed above, this motion also will be denied.

3

1  context. The cases cited by Chase address situations involving negligent billing, business losses,
2  and diminution of value. Here, Orangi alleges that Chase physically lost a tangible amount of
3  currency that belonged to her. There is no question that if she had placed a ring, pocket watch,
4  or baseball card worth $70,000 in Chase's safekeeping and Chase subsequently mislaid it,
5  Orangi would have a claim for negligence.

### III. DISPOSITION

For the foregoing reasons the motion to dismiss will be denied.

**IT IS SO ORDERED.**

DATED: 5/11/2011                    JEREMY FOGEL
                                    United States District Judge

4

Case Number 11-01229 JF (HRL)
ORDER DENYING MOTION TO DISMISS
(JFLC3)